UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DIW BOL KIIR,<br><br>                 Petitioner,<br><br>vs.<br><br>SOUTH DAKOTA STATE PENITENTIARY, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>                 Respondents. | 4:21-CV-04009-KES<br><br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO DISMISS |

Petitioner, Diw Bol Kiir, filed a pro se petition for writ of habeas corpus 28 U.S.C. § 2254. Docket 1. The matter was referred to Magistrate Judge Veronica L. Duffy for a report and recommendation, and she recommended granting respondents' motion to dismiss the petition (Docket 10), denying Kiir's motion to quash (Docket 15) and dismissing Kiir's petition with prejudice. Docket 19. Kiir timely filed objections to the report and recommendation. Docket 20. For the following reasons, the court adopts Magistrate Judge Duffy's report as supplemented herein.

**STANDARD OF REVIEW**

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Under 28 U.S.C. § 636(b)(1), the court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. *See* Fed. R. Civ. P.

72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

As a supplement to the fact section of the report and recommendation, this court adds the following:

After Kiir filed his initial petition for habeas relief in state court and after counsel amended the petition for habeas relief, Kiir moved to withdraw all his amended applications for habeas relief with the exception of the original habeas petition. *Kiir v. Young*, Civ. 18-163 at 138 (2d Jud. Cir. 2018). Kiir then filed an Amended Application for Writ of Habeas Corpus. *Id.* at 145.

First, Kiir objects to the report and recommendation's failure to address the second part of his Due Process claim in Ground One. Docket 20 at 1. Kiir is correct that he also alleged in Ground One of his federal habeas petition that the South Dakota Supreme Court violated his right to Due Process by changing the basis of his conviction from mere possession of a firearm during the commission of simple assault on law enforcement to an attempted use of a firearm during the commission of simple assault on law enforcement. *See* Docket 1 at 5. As support he cites *Cola v. Rearden,* 787 F.2d 681, 693 (1st Cir. 1986); *United States v. Didonna,* 866 F.3d 40, 50 (1st Cir. 2017); and *Dunn v. United States*, 442 U.S. 100, 106-107 n. 4 (1979). Docket 20 at 1.

2

While Kiir did raise this issue in his federal habeas petition, he did not raise this issue for a decision on the merits before the South Dakota Supreme Court on his direct appeal or in his state habeas petition. A petitioner must present both the factual and legal premises of the federal claims to the state court. *Smittie v. Lockhart*, 843 F.2d 295, 297 (8th Cir. 1988). The court has reviewed Kiir's briefs to the South Dakota Supreme Court on direct appeal, and his initial petition for habeas relief, his amended petition for habeas relief, and his final amended petition for habeas relief, all of which were filed in state court. At no time did Kiir present a Fourteenth Amendment Due Process claim to the state courts alleging that his right to Due Process was denied because the South Dakota Supreme Court changed the basis of his conviction from mere possession of a firearm during the commission of simple assault on law enforcement to an attempted use of a firearm during the commission of simple assault on law enforcement. Additionally, he did not cite the federal cases on which he now relies. Thus, he failed to exhaust his claim before the state courts. Furthermore, for the reasons stated in the report and recommendation, it would be futile to send Kiir back to state court to try to present this part of the Due Process claim, and he has failed to demonstrate cause and prejudice to cure the procedural default. *See* Docket 19 at 16-17.

In case the Eighth Circuit disagrees with the court's conclusion, the court will address the merits of Kiir's claim. Kiir primarily relies on *Dunn v. United States*, 442 U.S. 100 (1979), and its progeny, as support for his claim. In *Dunn*, the Supreme Court set aside Dunn's conviction, stating:

3

> To uphold a conviction on a charge that was neither alleged in an Indictment nor presented to a jury at trial offends the most basic notions of due process. Few constitutional principles are more firmly established than a defendant's right to be heard on the specific charges of which he is accused.

*Id.* at 106. Unlike in *Dunn*, here Count 7 of the indictment charged Kiir as follows:

> That the Defendant, DIW BOL KIIR, in Minnehaha County, State of South Dakota, on or about the 15th day of May, 2015, then and there did commit *or attempts* to commit the crime of SIMPLE ASSAULT ON LAW ENFORCEMENT, when armed with a firearm, which conduct is in violation of SDCL 22-14-12, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of South Dakota.

*State v. Kiir*, CR 15-3221 at 26 (2d Jud. Cir. 2015) (emphasis added). And in the jury instructions, the jury was instructed as follows:

> The elements of the crime of Committing or Attempting to Commit a Felony with a Firearm, as charged in Court 7 of the Indictment, each of which the state must prove beyond a reasonable double, are that at the time and place alleged:
> 1. Diw Kiir committed or attempted to commit a felony, Simple Assault on Law Enforcement.
> 2. Diw Kiir did so while armed with a firearm.

*Id.* at 107. This is not an instance where a defendant was convicted of a charge that was neither alleged in the indictment nor presented to the jury. Instead, the indictment put Kiir on notice that he was charged with committing or attempting to commit the crime of simple assault on law enforcement and the jury was instructed that they had to find beyond a reasonable double that Kiir committed or attempted to commit simple assault on law enforcement. There is no violation of Kiir's Due Process rights here.

4

Second, Kiir objects to the conclusion in the report and recommendation that Kiir failed to exhaust the other part of his Due Process claim—namely whether the evidence was sufficient on Count Seven. Docket 20 at 2. While Kiir makes this objection, he does not identify for the court what part of the state court record supports his conclusion that this issue was exhausted. *See id.* The court has reviewed the entire state court record and agrees with the report and recommendation's conclusion that this issue was not exhausted. *See* Docket 19 at 16. Additionally, Kiir was instructed and put on notice in the report and recommendation that he should address the cause and prejudice prongs of the procedural default analysis in his objections to the report and recommendation. *Id.* at 17. Kiir failed to do so. As a result, the court finds that both parts of his Due Process claim are procedurally defaulted.

In his third, fourth and fifth objections, Kiir objects to the portions of the report and recommendation that find that Kiir has not met his burden to show that his counsel provided ineffective assistance. Docket 20 at 2. The court has reviewed de novo the report and recommendation and finds that it properly sets forth and analyzes the law and the facts. It is adopted in full.

## CONCLUSION

This court has reviewed Magistrate Judge Duffy's report and recommendation de novo and Kiir's objections. This court adopts the report and recommendation and dismisses Kiir's petition for relief with prejudice.

Furthermore, based upon the reasons stated and under Fed. R. App. P. 22(b), the court finds that petitioner has not made a substantial showing of

5

the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Thus, a certificate of appealability is denied.

Thus, it is ORDERED

1. That the report and recommendation (Docket 19) is adopted in full as supplemented herein. Kiir's pro se petition for habeas corpus (Docket 1) is denied with prejudice.

2. Kiir's objections to the report and recommendation (Docket 20) are overruled.

3. Respondents' motion to dismiss (Docket 10) is granted.

4. Kiir's motion to quash respondents' motion (Docket 15) is denied as moot.

5. A certificate of appealability is denied.

Dated February 2, 2022.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE